IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| LINDELL TATE, | ) | Case No. 3:18-cv-230 |
|---|---|---|
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| S. WIGGINS, *hearing examiner*, CARR, *corrections officer*, CHRISTIE ACHENCK, *grievance coordinator*, MARK BURKE, *P.S.A.*, JENNIFER MCCLELLAND, *unit manager*, BRIAN HYDE, *health administrator*, MELISSA HAINSWORTH, *superintendent*, ERIC TICE, *superintendent*, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Before the Court is Plaintiff Lindell Tate's ("Plaintiff") motion for extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5) (ECF No. 24-1). For the reasons that follow, Plaintiff's motion is **GRANTED**.

### II. Background

Plaintiff is currently an inmate at the State Correctional Institution in Somerset, Pennsylvania. (ECF No. 3 at 3-4.) Plaintiff filed a Complaint (ECF No. 3) against various defendants on November 19, 2018.

On December 17, 2018, this Court ordered that Plaintiff's Complaint be dismissed for failure to state a claim without leave to amend. (ECF No. 8.) A party may appeal such an order by filing a notice of appeal within thirty days after the entry of the order. Fed. R. App. P

-1-

4(a)(1)(A). But here, Plaintiff filed a notice of appeal on January 22, 2019, more than thirty days after the entry of the Court's order. (ECF No. 24 at 1.) Because Plaintiff's notice of appeal was not filed within thirty days, his appeal was untimely and could be dismissed for lack of jurisdiction. (*See id.*)

However, Plaintiff submitted a jurisdictional response to the Third Circuit on February 11, 2019. (*Id.* at 2.) The Third Circuit noted that the response potentially alleges good cause or excusable neglect and thus construed Plaintiff's response as including a motion for extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5). (*Id.*) The Third Circuit forwarded the response to this Court to rule on whether Plaintiff should receive an extension of time to file a notice of appeal due to good cause or excusable neglect, such that his untimely appeal should be deemed timely under Rule 4(a)(5). (*Id.* at 1-2.)

In his response, Plaintiff alleges that he received notice of this Court's December 17, 2018, order on December 27, 2018, at 6:58 p.m., ten days after its issuance. (ECF No. 24-1 ¶ 3.) Plaintiff argues that he could not use the law library after receiving notice of the order because of the law library's holiday schedule. (*Id.* ¶ 4.) He also claims that the prison requires inmates to sign up for the law library in advance, which resulted in a twelve-day wait before he was able to gain access to the information he needed to file a notice of appeal. (*Id.* ¶¶ 4-5.)

### III. Legal Standard

The Supreme Court has determined that "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Rule 4(a)(1)(A) requires that a party file a notice of appeal within thirty days after the entry of the appealed-from

judgment or order. Fed. R. App. P. 4(a)(1)(A). However, Rule 4(a)(5)(A) provides exceptions to this thirty-day-appeal window:

> (A) The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A).

Here, because Plaintiff has moved for an extension of time within thirty days after the expiration of the original appeal period, the first requirement for an extension of time is satisfied. (ECF No. 24 at 1.)

In terms of the second Rule 4(a)(5)(A) requirement, requests for extensions of time that are filed after the original appeal period expired are governed by the excusable-neglect standard, not the good-cause standard. *See Ryder v. Costello*, No. CIV. A. 98-5725, 2000 WL 694774, at *2 (E. D. Pa. May 31, 2000) (citing Fed. R. App. P. 4(a)(5), 1979 Advisory Committee Note); *Consol. Freightway Corp. of Del. v. Larson*, 827 F.2d 916, 918 n.3 (3d Cir. 1987); *Slavin Prods., Inc. v. Fid. & Guar. Ins. Underwriters*, 30 F. Supp. 2d 838, 839 n.2 (E. D. Pa. 1998) (noting that "[g]ood cause . . . is only applicable when there is a motion for an extension of time before the expiration of the 30 day appeal period"). In *Consolidated Freightway Corp. of Del. v. Larson*, the Third Circuit identified five factors for courts to consider in making determinations of excusable neglect:

> (1) whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure, *Campbell v. Bowlin*, 724 F.2d 484 (5th Cir. 1984) (failure to read rules of procedure not excusable); (2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court, *Airline Pilots v. Exec. Airlines, Inc.*, 569 F.2d 1174 (1st Cir. 1978) (mistake in diarying counsel's calendar not excusable; (3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence, *United States v. Virginia*, 508 F. Supp. 187 (E. D. Va. 1981) (failure to arrange coverage during attorney's vacation which encompassed end of appeal period not

excusable); (4) whether the inadvertence reflects a complete lack of diligence, *Reins. Co. of Am., Inc. v. Administratia*, 808 F.2d 1249 (7th Cir. 1987); or (5) whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance.

*Larson*, 827 F.2d at 919. The Third Circuit has emphasized that this rule "'requires a case-by-case analysis' as well as specific findings by the district court regarding 'the reasons underlying [the] inadvertence.'" *Raguette v. Premier Wines & Spirits*, 691 F.3d 315, 325 (3d Cir. 2012) (quoting *Larson*, 827 F.2d at 919). "Perfect diligence" is not required—the Third Circuit allows a finding of excusable neglect when, "as the result of some minor neglect, compliance was not achieved." *Larson*, 827 F.2d at 920.

## IV. Discussion

Plaintiff's failure to timely file his appeal was the result of excusable neglect. A case-specific analysis of the factors set forth in *Larson* shows that Plaintiff had legitimate reasons for the late notice of appeal and that the late notice was not the result of lack of diligence or good-faith effort.

As for the first factor of the *Larson* test, Plaintiff's delay in filing his notice of appeal does not appear to be related to ignorance of the Rules. Plaintiff does not claim to have misinterpreted the requirements of the Rules. He also does not argue that such a misinterpretation would entitle him to an extension of time. And even if Plaintiff was unaware of the filing deadline, the Court will not hold this unawareness against an inmate who was unable to access legal resources to look up that deadline. *See Lee v. Cathel*, No. 05-3279, 2006 WL 3109332, at *3 (D.N.J. Oct. 30, 2006) (noting that a prisoner "without access to the law library . . . may not have even known that such

-4-

time limit or a rule governing [the filing of notices of appeals] existed"). Therefore, the first *Larson* factor weighs in favor of a finding of excusable neglect.

The second factor of the *Larson* test also points to a finding of excusable neglect. Plaintiff alleges that his notice of appeal was late because it took ten days to receive the Court's order. (ECF No. 24-1 ¶ 3.) He notes the specific time that he signed for his mail on December 27, 2018—which is when he claims he received the order—which gives credibility to his claim that he received the order on that date. (*Id.*) Plaintiff also claims that, because of the holidays and the law-library schedule, he did not have access to the materials and information he needed to file an appeal. (*Id.* ¶¶ 3-4.) He supports his allegation by attaching what appears to be a law-library schedule indicating that requests to visit the law library must be made at least twelve days ahead of time. (*Id.* at 4-5.) And the fact that Plaintiff received the order on December 27, 2018, makes plausible Plaintiff's contention that holiday hours further interfered with his ability to access the law library. Because Plaintiff has provided evidence to support his excuse, this factor weighs in favor of a finding of excusable neglect.

As for the third factor, Plaintiff's tardiness was not the result of his failing to provide for a readily foreseeable consequence. Plaintiff was unaware that he would need to file an appeal until he received the Court's order in the mail. Further, Plaintiff likely was unaware that it would take ten days for the order to arrive and that the order's arrival would coincide with holiday law-library hours. Therefore, this factor also supports a finding of excusable neglect.

As for the fourth factor, there is no evidence that Plaintiff exhibited a complete lack of diligence. Plaintiff received the order ten days after its issuance. (*Id.* ¶ 3.) He was then delayed in gaining access to the library because of the holidays and the twelve-day waiting period for

-5-

library access. (*Id.* ¶ 4.) Once Plaintiff had access to the law library, he diligently filed his notice of appeal only six days after the deadline had passed. (ECF No. 24 at 1.) Therefore, Plaintiff's inadvertence does not reflect a complete lack of diligence.

Finally, the fifth *Larson* factor supports a finding of excusable neglect. For the reasons explained above, the Court concludes that Plaintiff's inadvertence resulted despite good-faith efforts toward compliance. *See Ryder*, 2000 WL 694774, at *4 (holding that a prisoner-plaintiff who filed his notice diligently after returning from unexpected temporary housing that denied him access to necessary legal materials demonstrated good-faith efforts toward compliance).

## V. Conclusion

This Court concludes, pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure, that Plaintiff's motion for extension of time to file a notice of appeal will be granted because he has shown that his failure to timely file his appeal was the result of excusable neglect. Therefore, Plaintiff's notice of appeal is deemed timely filed.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDELL TATE, | ) | Case No. 3:18-cv-230 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| S. WIGGINS, *hearing examiner*, CARR, | ) | |
| *corrections officer*, CHRISTIE ACHENCK, | ) | |
| *grievance coordinator*, MARK BURKE, | ) | |
| *P.S.A.*, JENNIFER MCCLELLAND, *unit* | ) | |
| *manager*, BRIAN HYDE, *health* | ) | |
| *administrator*, MELISSA HAINSWORTH, | ) | |
| *superintendent*, ERIC TICE, | ) | |
| *superintendent*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

NOW, this 28th day of June, 2019, upon consideration of Plaintiff Lindell Tate's motion for extension of time to file a notice of appeal (ECF No. 24-1), and for the reasons set forth in the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that Plaintiff's Motion is **GRANTED** and his notice of appeal is deemed timely filed.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE