IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LINDELL TATE,                              :
             Plaintiff                :
     v.                                   : Case No. 3:18-cv-230-KRG-KAP
MARK BURKE,                              :
         Defendant              :

Memorandum Order

Plaintiff's motion to compel, ECF no. 92, is denied. The Clerk shall note the plaintiff's change of address.

This matter began in late 2018 with plaintiff's complaint against a number of Department of Corrections employees that had as its genesis an alleged public outburst by a hearing officer on June 20, 2018, in which the hearing officer offered insult to plaintiff and the other inmates in the RHU at S.C.I. Somerset and allegedly offered to reduce the inmates' disciplinary sentences if they "licked his ass." Plaintiff had "no prior record of any mental health issues before he had been violated," Complaint at 25, but was so affected by this rant that he became unable to masturbate successfully, and this, he claimed, violates his civil rights.

Plaintiff sought to use the hearing officer's alleged offensive language as a basis for overturning the disciplinary sanction that put him in the RHU.  Plaintiff also sought attention from the medical department in the hopes of "finding a cure for his ailment." The medical department handed him off to the psychology department after the medical department allegedly "did diagnose the plaintiff with a psychosomatic condition." Plaintiff had sought to speak with "a male" about this "embarrassing physical ailment," which he also described as "his psychological trauma and physical ailment."

Allegedly, the lack of quick response from the psychology department led to plaintiff's "emotional distress mounting." Around this same time, plaintiff's father passed away. Plaintiff alleged that in his communications to the psychology department he "expressed thoughts of life not being worth living."  He specifically alleged that his inmate requests to staff were for "care concerning the sexual trauma and other hardships suffered" as a result of the hearing officer's action. Complaint at 9. It is not clear when or if plaintiff's communications ever morphed into an alert to anyone about any stressor other than the hearing officer's outburst. Plaintiff referred to several exhibits allegedly documenting these communications, but they were not attached to the complaint and have never been submitted.

The psychology department and its point of contact, psychologist Burke, allegedly did not attend to plaintiff during his time in the RHU. On one occasion Burke did "attempt to evade the plaintiff on a wellness round" and told plaintiff "I care not to speak to you." When plaintiff was released from the RHU in October 2018, he was able to go directly to the psychologist assigned to his housing unit for care.  At no point in the four years this matter has been pending has the plaintiff alleged any attempted suicide or other self-harm.

At page 10 of the Complaint, plaintiff generally alleged:

Your Honor, the plaintiff continued to struggle with severe psychological issues (The same as expressed in several request to staff and grievance while housed in the RHU) stemming from the sexual misconduct, threats, and propositions of defendant [hearing officer], as well as the lost of parole do to his unfair and unconstitutional mistreatment at his misconduct hearing, coupled with the death of his father.

Plaintiff repeated this theme at pages 18-19 of the Complaint, alleging that Burke had shown "a deliberate indifference to the plaintiff's menagrie of 'inmate requests to staff,' asking for psych dept's aid in dealing with the psychosomatic condition he'd been fighting through, and the PTSD, Anxiety disorders, and depression that had him near killing himself."  Plaintiff alleged that he had written to Burke that plaintiff "was going through a struggle with not killing himself," but this only resulted in Burke's advice that plaintiff should file a grievance.  At page 20 of the Complaint, plaintiff alleged that Burke's actions constituted a refusal to give plaintiff unspecified "medical/psychological treatment that had been recommended by a prisond doctor."

This Court dismissed the complaint for failure to state a claim.  The Court of Appeals affirmed the dismissal of all the defendants and claims, except for a claim the Court of Appeals identified as one against Burke for what the Court of Appeals described as Burke denying plaintiff "psychological care that prison medical staff themselves believed was necessary." Mem. Op. at 6. The Court of Appeals pointed out that this care did not include plaintiff's claim of injury from lack of treatment of what it call plaintiff's erectile dysfunction. Mem. Op. at 7. The Court of Appeals, recognizing that plaintiff had not alleged any physical injury, also allowed plaintiff to amend his complaint to allege some physical injury from Burke's alleged denial of care.

On remand, plaintiff was unable to allege any physical injury or any other claim against Burke for the relevant period (the Summer and Fall of 2018 after the medical department's referral to the psychology department and before plaintiff's release from the

RHU). The Complaint was served on Burke as a claim for nominal damages.

I established a pretrial schedule. I subsequently extended the discovery period on plaintiff's motion, then extended the time to file summary judgment motions on defendant's motion.  Defendant did not file a motion for summary judgment, and plaintiff did not file a timely pretrial statement. Six weeks after the close of discovery plaintiff filed a motion to compel, ECF no. 92, mostly seeking material obviously irrelevant to any claim against Burke. Defendant did not respond to the motion to compel.  According to plaintiff's correspondence, ECF no. 94, defendant did not respond to the discovery requests either.

It appears a reset is in order. Plaintiff's claim for $1.5 million for the psychological distress from what the complaint describes as plaintiff's inability to "procreate without the proper therapy" has been dismissed by this Court and the dismissal already affirmed by the Court of Appeals.  As it stands, this is a $1 case. The parties should seriously consider using this Court's *pro se* mediation process to avoid both sides wasting further time.

Barring mutual agreement about mediation, the pretrial schedule is revised: defendant shall answer or object to plaintiff's discovery requests (if it was not served on Burke, counsel can see it at ECF no. 83) on or before July 30, 2022. Any dispute over the response can be brought in a motion to compel filed and responded to according to the established pretrial order. Plaintiff's pretrial statement is now due September 30, 2022; defendant's is due October 30, 2022.

DATE:   June 27, 2022

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Lindell Tate KM-9487
S.C.I. Greene
175 Progress Drive
Waynesburg, PA 15370